## LATHAM v. SAVAGE.

1. GUARANTY—PRINCIPAL AND SURETY—BILLS AND NOTES—CONTRACTS—RESCISSION.

In a suit to cancel complainant's guaranty on a certain note and mortgage on the ground that it was given to secure the purchase price of certain real and personal property, and that the seller converted to his own use a part of the personalty, it was not sufficient ground for cancellation where the value of the personalty so converted was deducted from the amount of a decree of foreclosure thereafter rendered against the purchaser who had not at any time taken action to rescind his contract for failure to turn over to him all the property.

2. SAME.

The contention of one of two guarantors of a note that he was only to be liable for the first $1,500 due on a note and mortgage and that more than such sum had been realized by a foreclosure sale of the premises, thus releasing him, is not sustained where his claim was contradicted by the payee of the note, and it also appeared that his guaranty was the second of two indorsed on the back, and both by their terms guaranteed severally the payment of $1,500,

Appeal from Wayne; Rohnert, J. Submitted April 18, 1911. (Docket No. 6.) Decided June 2, 1911. Rehearing denied September 29, 1911.

Bill by Charles K. Latham against Nicholas Savage to cancel a guaranty of part of a note and mortgage. From a decree for defendant, complainant appeals. Affirmed.

*W. C. Stuart*, for complainant.

*Clark, Lockwood & Bryant*, for defendant.

MOORE, J.   This is a suit in chancery brought by Mr. Latham against Nicholas Savage, the payee of a note, which will be referred to later, to have his guaranty of collection of $1,500 on said note canceled and held for naught because said Savage had wrongfully taken and appropriated $500 worth of the personal property covered by the chattel mortgage which was collateral to said note, thereby making it impossible for the maker of the note to pay it.   The bill of complaint recited that the mortgage accompanying the note was in process of foreclosure, and would not result in the payment of the note.   One Mr. Butler bought a small hotel property of Mr. Savage, paying $1,500 down, and giving a mortgage and the note in controversy for $3,000, the balance of the purchase price. The note reads as follows:

"$3000.                    DETROIT, MICH., May 6, 1907.
   "On or before three months after date I promise to pay to Nicholas Savage or order Three Thousand & No/100 Dollars at Home Savings Bank, Detroit.   Value received.
                    "WILLIAMS G. BUTLER.
                    "KATE L. BUTLER."

The following indorsement was on the face of the note:

"Secured by chattel and real estate mortgages of even date herewith."

The indorsements on the back of said note were as follows:

"For a good and valuable consideration to me paid I hereby guarantee the collection of $1,500.00 of the within note.
                    "F. C. HARVEY."

"For a good and valuable consideration to me paid I hereby guarantee the collection of $1,500.00 of the within note.

"C. K. LATHAM."

An answer was filed by defendant in the nature of a cross-bill, in which affirmative relief was asked. The case was heard in open court. The relief asked in complainant's bill was denied, and the relief prayed for in the cross-bill was granted. The case is brought here by appeal.

Counsel make conflicting claims as to what occurred in court. We quote from the brief of complainant:

"When the testimony had been partly taken and an offer was made to read the testimony taken in the foreclosure suit in the St. Clair circuit court of Williams G. Butler, who had died since that case was tried, the court announced he didn't wish to hear any more testimony, and further stated as follows: 'I will let this case rest upon a strict legal construction to be put upon the indorsement.'"

On the part of the defendant it is insisted the parties put in all the testimony they cared to, and that it was all considered. In view of this conflict, it may be helpful to incorporate here the written opinion of the trial judge. It is as follows:

"I am inclined to think in this case from the testimony and from the form of the indorsement, as a matter of law, that the indorsement upon the note executed by Mr. Buttler to Mr. Savage rendered each of the indorsers liable for such part of the uncollected portion of the note as the amount of their indorsement bore to the face of the note, in this case, each one-half. They are not jointly liable for the face of the note, but they are severally liable, each for one-half of the note. A decree must be entered in this case, granting to the defendant as cross-complainant the relief he seeks, and that Mr. Latham account to and pay over to him one-half of the deficiency.

"I do not consider that there is testimony in the case which will equitably afford Mr. Latham any relief from the liability for his indorsement by reason of the alleged claim that all the goods sold were not delivered. While

undoubtedly as between Mr. Butler and Mr. Savage the decree of the St. Clair chancery court as to the deficiency on the sale by Savage to Butler is binding upon this court, yet the character and the extent of the deficiency, as shown in the testimony in this case, is in the mind of the court questionable. It was not made a basis for revocation of the contract by Mr. Butler. He continued in possession of the property purchased by him after he well knew that the deficiency which he claimed existed. He was allowed for this deficiency in the chancery decree, and complainant in this suit got the benefit of that allowance. Mr. Butler was the sole judge as to whether he would allow the contract with Mr. Savage to stand, and if he concluded that it should stand, although not fully carried out by Mr. Savage, it would not give the complainant ground to deny his liability, as complainant's guaranty was simply that the amount of the indebtedness from Butler to Savage, contracted for by Butler, would be paid.

"MORSE ROHNERT,
"Circuit Judge."

This indicates very clearly that in reaching his conclusion the court considered the testimony as well as the written instrument.

Counsel, of course, understand that, when a chancery case reaches this court, it is heard *de novo.* There is nothing in the record to indicate that counsel were prevented from putting in all the testimony they had, both in the lower court and in the record prepared for this court. It is the claim of Mr. Latham that he agreed to be liable for the collection of only the first $1,500, and, as that amount has been received, he is released from his guaranty.

The testimony about the giving of the note and the guaranties is in sharp conflict; it being the claim that Mr. Harvey first guaranteed the collection of $1,500, and that Mr. Latham then guaranteed the collection of $1,500, it being the intention of the two guarantors to cover the full amount of the note, but neither of the signers to be liable for more than one-half of the deficiency. The judge

had the great advantage of hearing this testimony. If it was a fact that complainant was to guarantee the collection of only the first $1,500, it would seem to be a strange omission to sign the second guaranty after Mr. Harvey had signed the first one, without the second guarantor writing into the second guaranty that it was to apply only to the collection of the first $1,500. We are satisfied with the conclusion reached by the trial court as to this feature of the case.

It is claimed by complainant that as Mr. Savage removed $500 worth of the personal property, which he sold and which was covered by the chattel mortgage, that this released appellant from this contract of guaranty. We quote from the brief of counsel:

"(a) The taking by appellee of said $500 worth of said personal property changed the contract between him and Butler (principal), and also between appellee and Latham (guarantor of collection).

"(b) A change of contract either between Savage and Butler or between Savage and Latham discharged Latham, the guarantor."

This contention seems to be based upon the claim that, when Mr. Butler was given possession of the hotel property, he was not given possession of all the personal property he had bought, and that this fact was established in a foreclosure proceeding between Mr. Savage and Mr. Butler, in which proceeding a reduction was made in the amount found due on the mortgage of $500, and a certain amount of costs, which amounts were treated as payments on the mortgage and were taken out of the amount found to be due. In this case there is a sharp conflict in the testimony as to whether there was any failure to turn over all the property, but it is clearly established that the Butlers were present when the property was removed, and Mr. Butler helped load part of it. It also appears that they did not rescind the contract because of any failure to deliver the personal property. Conceding that all of the property was not turned over, it does not appear

that the allowance made in the foreclosure proceeding was not full compensation for any injury done.

We have examined each of the cases cited by counsel for complainant, and do not think they sustain his contention. The complainant has failed to sustain by a preponderance of evidence the averments of his bill of complaint.

The decree is affirmed, with costs.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.